**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| VENKATESWARLU VADLAMUDI; VADLAMUDI INVESTMENTS, LLC; GOPIMOHAN MANNE; VATSALA DEVI PARCHURI; RAJASEKHAR BONTHU; SULOCHANA UPPALAPATI; PHANI KIRAN SURAPANENI; MUKHESH ELAPROLU; and SWAPNA ELAPROLU, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 3:26-cv-3605 |
| NATIONAL OIL PROJECTS, LLC; NATIONAL OIL PROJECT, LLC; NASH H. EVANS; S. LAVON EVANS, JR.; BRIAN D. BUNNELL; and PISTOL RIDGE PARTNERS, LLC, | § | |
| Defendants. | § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1334 and 1452 and Federal Rule of Bankruptcy Procedure 9027, Defendant Nash H. Evans ("Mr. Nash Evans") files this Notice of Removal, *subject to and expressly without waiver of* his right to compel arbitration of each claim asserted against him, and respectfully would show the Court as follows:

**I. SUMMARY OF JURISDICTION**

1. Mr. Nash Evans is a defendant in a lawsuit pending in the 191st Judicial District Court of Dallas County, Texas (the "State Court"), Cause No. DC-26-19318, styled *Vadlamudi, et al. v. National Oil Projects, LLC, et al.* (the "State Court Action"). As set forth in more detail below, this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1334 because it

is a civil proceeding arising under, arising in, or related to a case under title 11 of the United States Code, *In re Pistol Ridge Partners, LLC*, Case No. 26-51467-KMS (the "Bankruptcy Action"), an involuntary chapter 11 case pending in the United States Bankruptcy Court for the Southern District of Mississippi (the "Bankruptcy Court"). *See* Exhibits C-1 and E.

2. Mr. Nash Evans removes this action to federal court subject to and without waiver of his right to compel arbitration under Section 11 of the Application Agreement executed by each Plaintiff, under the Federal Arbitration Act, 9 U.S.C. §§ 1–16. He intends to move promptly to compel arbitration.

## II. THE STATE COURT ACTION

3. Nine Plaintiffs filed the State Court Action on September 11, 2026, against National Oil Projects, LLC; National Oil Project, LLC; Mr. Nash Evans; S. Lavon Evans, Jr.; Brian D. Bunnell; and Pistol Ridge Partners, LLC ("Pistol Ridge"), the debtor in the Bankruptcy Action. *See* Exhibit C-1. The Petition alleges fifteen counts arising out of Plaintiffs' purchases of joint venture partnership interests in the Dexter Offset Multi-Well Joint Venture and the Morgantown Multi-Well Joint Venture, under the Texas Securities Act, the Illinois Securities Law of 1953, the Pennsylvania Securities Act of 1972, and Chapter 517 of the Florida Statutes, and for common-law fraud, negligent misrepresentation, breach of fiduciary duty, knowing participation in breach of fiduciary duty, breach of contract, money had and received and conversion, unjust enrichment, accounting, declaratory judgment, and constructive trust and injunctive relief. *Id.* Six of those counts, Counts Nine, Eleven, Twelve, Thirteen, Fourteen, and Fifteen, are asserted against Pistol Ridge. *Id*. Notably, Count Nine seeks to hold Pistol Ridge jointly and severally liable with the other defendants including Mr. Nash Evans. *Id.* For relief, Plaintiffs seek rescission and restitution of $787,500 in the aggregate, exemplary damages, attorney's fees, a full accounting, imposition of a constructive trust upon assets alleged to be traceable to their capital, and temporary and

permanent injunctive relief restraining the further encumbrance, transfer, or disposition of assets held for the two Ventures. *Id.*

4. Citations issued to each Defendant on September 29, 2026. *See* Exhibits C-3 through C-8. National Oil Projects, LLC, National Oil Project, LLC, Brian D. Bunnell, and Pistol Ridge Partners, LLC were each served on October 2, 2026, and S. Lavon Evans, Jr. was served on October 6, 2026. The returns of service were filed on October 8 and October 9, 2026. *See* Exhibits C-9 through C-13. The citation issued to Mr. Nash Evans remains unserved. *See* Exhibit B. Mr. Nash Evans has not been served with a citation. On October 13, 2026 he filed his Reservation of Rights to Compel Arbitration, and Subject Thereto, Original Answer and Affirmative Defenses, which states on its face that it is made expressly subject to and without waiver of his rights to remove this action and to compel arbitration. *See* Exhibit C-14. He has filed no motion in the State Court Action and has sought no relief from the State Court.

## III. THE BANKRUPTCY ACTION

5. On September 4, 2026, six petitioning creditors filed an involuntary petition under chapter 11 of the Bankruptcy Code against Pistol Ridge in the Bankruptcy Court, commencing Case No. 26-51467-KMS. *See* Exhibit E. The petitioning creditors assert claims aggregating $85,730.02 and allege that Pistol Ridge is generally not paying its debts as they become due.[1] The Bankruptcy Action remains pending.[2]

---

[1]The petition is signed by six petitioning creditors, each asserting a claim on account of dishonored checks: Clyde L. Breazeale, Jr. ($25,949.52); Karen Smith ($25,278.21); Shannon McDowell ($12,246.51); David Lewis ($877.27); the Estate of Luther Eric Petty, by Steven Petty, Independent Executor ($160.61); and Annette Mechelle West ($21,217.90). The petition states a total of petitioners' claims of $85,730.02. *See* Exhibit E, Official Form 205 ¶ 13 and attachment thereto.

[2]An involuntary case is commenced by the filing of the petition. 11 U.S.C. § 303(b). The estate is created at the commencement of the case, *id.* § 541(a), and the automatic stay arises upon the filing of a petition under section 303, *id.* § 362(a). Jurisdiction under 28 U.S.C. § 1334 therefore attaches notwithstanding that no order for relief has yet been entered under 11 U.S.C. § 303(h).

6. Pistol Ridge is a Mississippi limited liability company whose principal place of business is 2300 Highway 11 North, Laurel, Jones County, Mississippi. *See* Exhibit E. Plaintiffs allege that Pistol Ridge is an affiliate of National Oil Projects, LLC and was the designated Operator of each of the two Ventures at issue, and they plead the pendency of the Bankruptcy Action at paragraph 51 of the Petition. *See* Exhibit C-1.

**IV. REMOVAL IS TIMELY AND PROCEDURALLY PROPER**

7. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) and Federal Rule of Bankruptcy Procedure 9027. Because the claims sought to be removed were asserted after the commencement of the Bankruptcy Action, Federal Rule of Bankruptcy Procedure 9027(a)(3) requires the notice to be filed within thirty days after receipt, by service or otherwise, of the initial pleading setting forth the claim sought to be removed. Mr. Nash Evans has yet to be served and therefore this Notice is timely.[3]

8. Removal is otherwise proper. Mr. Nash Evans may remove before service is effected upon him, and the consent of the remaining Defendants is neither required nor sought.[4] The filing of an answer in state court does not waive the right of removal, and Mr. Nash Evans expressly reserved that right on the face of his answer. *See* Exhibit C-14.

9. Venue is proper in this district and division, which embrace Dallas County, Texas. 28 U.S.C. §§ 124(a)(1), 1452(a).

[3] On September 25 and 29, the undersigned communicated with Plaintiffs' counsel about the possibility of the undersigned accepting service on behalf of Mr. Nash Evans. Plaintiffs' counsel indicated he would send a waiver of service, but the undersigned has yet to receive the same.

[4] Section 1452(a) permits removal by "a party" and, unlike 28 U.S.C. § 1441(b)(2), imposes no requirement that the removing party have been joined and served, and, unlike 28 U.S.C. § 1446(b)(2)(A), requires no joinder or consent of co-defendants. Removal does not waive service of process, and service may be completed after removal. 28 U.S.C. § 1448.

## V. BASIS FOR REMOVAL AND JURISDICTION

10. Removal of the State Court Action is proper and authorized pursuant to 28 U.S.C. §§ 1334 and 1452 and Federal Rule of Bankruptcy Procedure 9027 because it is a civil action brought in state court that involves, *inter alia*, the property and liabilities of the debtor in the Bankruptcy Action.

11. The State Court Action is a core proceeding under 28 U.S.C. § 157(b)(2) because it involves claims that are against Pistol Ridge, a current bankruptcy debtor. *See In re IO at Tech Ridge LP*, 646 B.R. 884, 889 (Bankr. W.D. Tex. 2018); *In re Newell*, 424 B.R. 730, 735 (Bankr. E.D.N.C. 2010) ("Therefore the state court proceedings initiated to determine the debtor's liability to the plaintiffs come under the bankruptcy court's core jurisdiction as part of the process of allowance or disallowance of claims."); *In re Krug*, 172 B.R. 79, 82 (Bankr. D. Kan. 1994) ("Several courts have held that proceedings which are basically equivalent to claims litigation are core proceedings."). In the alternative, the State Court Action at a minimum satisfies the "related to" standard for establishing this Court's jurisdiction. A matter, such as the State Court Action, "is related to a bankruptcy proceeding if 'the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy.'" *In re Galaz*, 665 F.Appx. 372, 375 (5th Cir. 2016); see *also Matter of Wood*, 825 F.2d 90, 94 (5th Cir. 1987) (finding "[s]uccess against any of the defendants will have a potential effect on the estate" when state court plaintiff filed one complaint against the defendants seeking liability for their joint conduct).

12. The State Court Action could conceivably have an effect on the Pistol Ridge bankruptcy estate because it could alter, positively or negatively, Pistol Ridge's rights, liabilities, options, or freedom of action, could influence the administration of the estate, or could otherwise conceivably affect the Bankruptcy Action for the following reasons, among others: (a) six counts are asserted directly against Pistol Ridge, and a judgment on those counts would fix liabilities of

the estate and bear on the claims-allowance process; (b) Count Fifteen asks the State Court to impose a constructive trust upon working interests and other assets alleged to be held for the two Ventures and to enjoin their further encumbrance, transfer, or disposition, and the offering documents for each Venture allocate a working interest in the Prospect Wells to Pistol Ridge, so that the relief sought reaches property in which Pistol Ridge holds an interest, which is property of the estate under 11 U.S.C. § 541 and as to which the district court in which the title 11 case is pending has exclusive jurisdiction under 28 U.S.C. § 1334(e)(1); (c) the Petition alleges that Pistol Ridge, National Oil Projects, LLC, and National Oil Project, LLC are alter egos of one another and constitute a single business enterprise and seeks to hold them jointly liable on that basis, so that a judgment entered on that theory would fix liabilities of the estate and affect the allocation of assets among the alleged alter egos; (d) Mr. Nash Evans and the other non-debtor Defendants, in the event of an adverse outcome, could have claims for contribution against Pistol Ridge; and (e) each Plaintiff agreed, in Section 7 of the Application Agreement and again in Section 5.1.1 of the Joint Venture Partnership Agreement for each Venture, to indemnify and defend the Joint Venture and the Managing Venturer and to hold their officers, directors, agents, and attorneys harmless against any loss, claim, damage, expense, or cost arising out of any misrepresentation made by that Plaintiff or any breach of his or her warranties, so that Plaintiffs' own allegations, if credited, would create claims for indemnification against Plaintiffs in favor of persons and entities that the offering documents identify as affiliates of Pistol Ridge and that Plaintiffs themselves allege to be its alter egos. Moreover, given that Mr. Nash Evans was employed by Pistol Ridge and Pistol Ridge is at the center of the State Court Action, it appears it will be crucial for Pistol Ridge to participate in discovery.

13. Accordingly, this Court has jurisdiction over the claims and causes of action asserted in the State Court Action pursuant to 28 U.S.C. § 1334. *See In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007) (an action is related to bankruptcy if the outcome "could conceivably affect the estate being administered in bankruptcy"); *Celotex Corp. v. Edwards*, 514 U.S. 300, 307-08 & n.6 (1995).

14. More specifically, this Court has jurisdiction of the State Court Action pursuant to 28 U.S.C. § 1334(b) which states the "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The terms "arising under," "arising in," and "related to" are meant "to identify collectively a broad range of matters subject to the bankruptcy jurisdiction of federal courts." *Matter of Wood*, 825 F.2d 90, 92 (5th Cir. 1987). Section 1334(b) suggests a jurisdictional grant of wide scope because "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307-08 (1995) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)).

15. Therefore, Mr. Nash Evans may remove the State Court Action to this Court pursuant to 28 U.S.C. § 1452(a) which provides any "party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334."

16. Pursuant to Bankruptcy Rule 9027(a)(1), Mr. Nash Evans consents to the entry of final orders or judgment by a bankruptcy judge on any claim or cause of action removed by this Notice.[5]

## VI. RESERVATION OF RIGHTS

17. Mr. Nash Evans reserves all rights concerning the delegation of questions of arbitrability to the arbitrator, the scope and enforceability of the arbitration provision, and the class and collective action waiver contained in it. The claims against Pistol Ridge were asserted, and the citation to Pistol Ridge was served, after the involuntary petition was filed. Mr. Nash Evans reserves all positions concerning the application of 11 U.S.C. § 362(a) to those acts and concerning their validity.

## VII. REMOVAL

18. Mr. Nash Evans hereby removes the State Court Action to this Court. True and correct copies of all process, pleadings, and orders filed in the State Court Action are submitted with this Notice as required by Federal Rule of Bankruptcy Procedure 9027(a)(1) and Local Rule 81.1(a)(4). A completed civil cover sheet and the supplemental civil cover sheet required by Local Rule 81.1(a)(1) and (a)(2) are filed contemporaneously. A written notice attaching a copy of this Notice of Removal is being served on all parties and filed with the Clerk of the State Court as Federal Rule of Bankruptcy Procedure 9027(b) requires, upon which the parties shall proceed no further in the State Court unless and until the removed claims are remanded. Fed. R. Bankr. P. 9027(c). The following exhibits are attached:

---

[5] Such consent is provided subject to, and without waiving, Mr. Nash Evan's right to arbitrate. *In re Trevino*, 599 B.R. 526, 550 (Bankr. S.D. Tex. 2019) (finding such consent does not waive the right arbitration).

| | |
|---|---|
| **EXHIBIT A:** | An index of all matters being filed in the State Court Action. |
| **EXHIBIT B:** | Copy of the State Court Action docket sheet. |
| **EXHIBIT C:** | True and correct copies of all process, pleadings, and orders filed in the State Court Action, tabbed C-1 through C-10 and arranged chronologically by state court file date. |
| **EXHIBIT D:** | A separately signed Certificate of Interested Persons. |
| **EXHIBIT E:** | Involuntary Petition, *In re Pistol Ridge Partners, LLC*, Case No. 26-51467-KMS (Bankr. S.D. Miss.). |

WHEREFORE, Mr. Nash Evans respectfully notifies this Court that, pursuant to 28 U.S.C. §§ 1334 and 1452 and Federal Rule of Bankruptcy Procedure 9027, he removes the State Court Action from the State Court to this Court.

Dated: October 14, 2026.

Respectfully submitted,

GREENBERG TRAURIG, LLP

/s/ *William M. Katz, Jr.*

William M. Katz, Jr.
Texas Bar No. 00791003
Bill.Katz@gtlaw.com
Jared R. Weir
Texas Bar No. 24075253
Jared.Weir@gtlaw.com
Michael M. Besser
Texas Bar No. 24105464
Michael.Besser@gtlaw.com
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

**ATTORNEYS FOR DEFENDANT NASH H. EVANS**

**CERTIFICATE OF SERVICE**

On October 14, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I certify that I have served all counsel and/or pro se parties of record electronically.

/*s/ William M. Katz, Jr.*
William M. Katz, Jr.